


**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 12, 2024**

*Mark X. Mullin*
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE:<br>JOSE TRINIDAD CUELLAS<br>4802 WINTERVIEW DR<br>MANSFIELD, TX  76063<br><br>**DEBTOR** | § § § § § § § § § | CASE NUMBER: 24-41040-MXM<br><br>CHAPTER 13 |

### ORDER CONFIRMING CHAPTER 13 PLAN; VALUING COLLATERAL; ALLOWING DEBTOR'S ATTORNEY'S FEES; PROVIDING FOR A TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS AND OTHER RELATED MATTERS (WITH REVISIONS TO THE PLAN AS SPECIFIED HEREIN)

It having been determined after at least thirty-one (31) days notice to all creditors, no hearing having been requested and no objection to Confirmation or Valuation having been timely filed, or if filed, having been overruled, resolved or withdrawn:

That the Debtor's Chapter 13 Plan ("Plan") complies with all applicable provisions of Title 11 of the United States Code;

That any fee, charge, or amount required under Chapter 13 of Title 28 of the United States Code or by the Plan to be paid before Confirmation has been paid;

That the Plan has been proposed in good faith and not by any means forbidden by law;

That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor was liquidated unde Chapter 7 of Title 11 United States Code on such date;

That the Plan provides that the holders of secured claims who have not accepted the Plan shall retain their liens until the earlier of the payment of the underlying debt determined under non bankruptcy law or discharge under Section 1328; and if this case is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non bankruptcy law; and the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of secured claims whose holders have not accepted the Plan is not less than the amount of those claims; and as to holders of secured claims who have not accepted the Plan, if property to be distributed pursuant to the Plan is in the form of periodic payments, such payments will be in equal monthly amounts; and if the holder of the claim is secured by personal property, the amount of such payments will not be less than the amount sufficient to provide to the holder of such claim adequate protection during the period of the Plan; or the Debtor will surrender the property securing such claim to such holder;

That the action of the Debtor in filing the petition was in good faith;

That the Debtor has paid all amounts that are required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition, if the Debtor is required by a judicial or administrative order or by statue to pay such Domestic Support Obligation;

That the Debtor has filed all applicable Federal, State, and local tax returns as required by Section 1308 of Title 11 of the United States Code;

That no objection to Confirmation has been filed by the Trustee or any unsecured creditor, or if so, that the Debtor will pay under the Plan, all Debtor's projected disposable income for the applicable commitment period, to be applied to payments to unsecured creditors under the Plan;

That Confirmation of the Debtor's Plan and the Valuation set forth therein have been recommended by the Standing Chapter 13 Trustee; and

That no further operating reports are necessary or required to be filed with the Standing Chapter 13 Trustee.

**IT IS THEREFORE ORDERED** that the Debtor's Chapter 13 Plan filed on or about April 16, 2024 is confirmed.

**IT IS FURTHER ORDERED** that the Debtor shall pay to the Trustee the following:

**DEBTOR PAY SCHEDULE NO. 1** (JOSE TRINIDAD CUELLAS)

PAYMENTS BEGINNING: 04/27/2024 FOR 6 MONTHS IN THE AMOUNT OF: $2,300.00
PAYMENTS BEGINNING: 10/27/2024 FOR 9 MONTHS IN THE AMOUNT OF: $4,657.00
PAYMENTS BEGINNING: 07/27/2025 FOR 45 MONTHS IN THE AMOUNT OF: $5,895.00

**FOR A TOTAL PLAN BASE AMOUNT OF: $320,988.00**

**IT IS FURTHER ORDERED** that allowed non-priority unsecured claims will be paid no less than their pro rata share of the **greater** of (1.) an unsecured creditor's **pool** of $49,314.60, or (2.) the value of Debtor's equity in **non-exempt** property of $87,736.34 reduced by the payment of allowed hypothetical Chapter 7 Trustee's fees, administrative expenses, and allowed priority claims.

**IT IS FURTHER ORDERED** that, if applicable, cause exists to extend the term of the Plan beyond 36 months but not more than 60 months.

**IT IS FURTHER ORDERED** that the Debtor's attorney, LEE LAW FIRM PLLC, is allowed a total fee not to exceed $5,000.00 with $2,908.00 to be paid through the Plan by the Trustee, unless a greater amount is approved by separate order of the Court after hearing on fee application.

**IT IS FURTHER ORDERED** that for purposes of distribution under the plan, Section 506 and Section 1325 (a)(5) of the Bankruptcy code, the **value** of collateral securing any claim herein, **annual percentage rate** and **treatment** of the claim secured thereby is as set forth in Section I of the Debtor's Chapter 13 Plan Containing A Motion for Valuation herein confirmed, except:

| CREDITOR NAME | COLLATERAL/ COMMENT | CLAIM AMOUNT | COLLATERAL VALUE | ANNUAL PERCENTAGE RATE | TREATMENT (Monthly Payment Direct, Surrender, or ProRata) |
|---|---|---|---|---|---|

Not Applicable

**IT IS FURTHER ORDERED** that Executory Contracts and Unexpired Leases shall be treated as set forth in Section I, Paragraph "K" of the Debtor's Chapter 13 Plan and Motion for Valuation herein confirmed, except:

| § 365 Party | ASSUME/ REJECT | CURE AMOUNT | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|

Not Applicable

**IT IS FURTHER ORDERED** that the valuation of collateral subject to a 910 claim or listed as "Direct" is not res judicata, collateral estoppel, or law of the case as to any party.

**IT IS FURTHER ORDERED** that if a Claim is not paid during the Term (Approximate) shown in Section I, Paragraphs D, E, H I, and/or K of the Plan, the Trustee shall continue to pay the Claim until it is paid in full, as stated in Section II, Paragraph U of the Plan;

**IT IS FURTHER ORDERED** that the Trustee is authorized to receive, endorse, and apply to any delinquent payments under the Plan, any Income Tax Refund payable to Debtor during the pendency of this case, and apply any IRS refund in excess of $2,000.00 per year pro rata to Debtor's allowed general unsecured creditors.

**IT IS FURTHER ORDERED** that the Debtor shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by Debtor prior to discharge without consent of the Trustee or order of the Court after notice to the Trustee and all creditors.

**IT IS FURTHER ORDERED** that the Standing Chapter 13 Trustee is hereby discharged from any liability from the Debtor's operation of business and from any further duty to investigate the business of the Debtor or to require further operating reports from Debtor.

**IT IS FURTHER ORDERED** that pursuant to General Order 2023-04, as soon as practicable after the governmental claims bar date, the Trustee shall prepare and serve on Debtor's counsel, all creditors who were scheduled, all creditors who filed claims and any party that has filed a Notice of Appearance, a Trustee's Recommendation Concerning Claims ("TRCC") and notice of hearing thereon. The TRCC may be deemed in part to be an Objection to Claims. Objections to the TRCC shall be filed within thirty (30) days from the date of service of the TRCC. Unless an Objection is timely filed as to the amount or class of any claim, the claim will be allowed or approved only as described in the TRCC, and such amount or class will be binding on all parties without further order of the court. All unresolved objections to the TRCC shall be deemed waived if not timely filed or if the proponent of any such objection fails to attend the court hearing.

**IT IS FURTHER ORDERED** that nothing herein or in the Plan shall determine the **allowed amount** or **class** of any claim which matters are hereby reserved until after the applicable claims bar date and the Trustee's Recommendation Concerning Claims has been filed. Valuation of collateral, interest rate, and treatment of claims shall be as provided in the Plan or herein.

**IT IS FURTHER ORDERED** that priority and unsecured creditors shall receive interest at the legal rate from the petition date (priority first, then unsecured second) to the extent Debtor's equity in non-exempt property, less trustee's fees, exceeds the principal amount of allowed priority and unsecured claims, pursuant to section 1325(a)(4) and section 726(a)(5) of the Bankruptcy Code.

# # #  END OF ORDER # # #